THE STATE, ELDORADO EARLES, SURVIVING EXECUTOR OF STEPHEN EARLES, DECEASED, PROSECUTOR, v. JOHN RAMSAY, COLLECTOR OF THE TOWNSHIP OF RARITAN, IN THE COUNTY OF HUNTERDON.

1. Where the owner of a farm, who was a mortgagor, conveyed the same in fee-simple to the mortgagee, and the owner of the mortgage, as mortgagee, discharged the bond and surrendered the mortgage for cancellation, in good faith, as the consideration of the conveyance, and the mortgage was canceled and discharged of record, the mortgage is no longer a ratable of personal property for the purpose of taxation and cannot be included by the assessor in the list of ratables of property belonging to the former owner thereof, although it be that at the time of the assessment he remains the owner of the farm covered by the mortgage.

2. *Certiorari* is a proper remedy for relief where the property assessed for the purpose of taxation has no existence whatever, and it is within the discretion of the court to grant such relief, although no appeal has been made by the person assessed for such property to the commissioners of appeal of the township wherein such assessment has been made.

On *certiorari.*

Argued at June Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Fluck & Parker.*

For the defendant, *Harry L. Stout.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ of *certiorari* brings up for review an assessment of tax for the year 1895 against one Stephen Earles, now deceased, upon a mortgage on the farm

of one Stewart Bellis for the sum of $1,750.  The tax for school and township purposes on the mortgage as a ratable amounted to the sum of $24.50.

One Stewart Bellis had been the owner of the farm, which he had purchased of Stephen Earles, who resided in Morris county, and upon which he had made and executed a bond and mortgage to Earles for the sum of $1,750.  Bellis continued to be the owner up to April 3d, 1895.  On that day he made and executed a deed of conveyance of the farm to Earles and Earles delivered the bond and mortgage to Bellis for cancellation.  Bellis, after this, rented the farm of Earles. In June following the assessor of Raritan township assessed the land to Bellis and assessed the mortgage, which had before that time been canceled, to Earles.

It appears from the evidence that the assessor, when making the assessment, had a conversation with Bellis about the assessment of taxes for the year 1895.  Bellis testifies that he told the assessor when he came to him that he was no longer the owner of the farm; that he had conveyed the same to Earles in satisfaction of the bond and mortgage, and he now only leased the farm from Earles.  The assessor, in his evidence, testifies that he does not recollect any such conversation and denies that it took place, and that he assessed the farm as formerly to Bellis and the mortgage to Earles, supposing that no change in the situation had been made.

I have not attempted to determine, so far as this evidence is concerned, which statement should be relied on.  I think it is quite immaterial to the case now to be decided which statement is the true one.

This mortgage was not assessable.  There is no question raised against the good faith of Bellis and Earles or that the conveyance of the farm and the cancellation of the mortgage were made with any intent to evade taxation or for any other fraudulent purpose.  The transaction was for a proper and legal purpose, and by it the bond and mortgage was surrendered and canceled and Earles became the owner of the premises, instead of remaining the holder of the mortgage.

The mortgage ceased to exist in any form or for any purpose. The debt represented by the bond as property no longer existed, but was paid, and the collateral by way of mortgage was surrendered and discharged. This thing, therefore, which had formerly existed no longer existed as a ratable for taxation. Taxation must be based upon property either owned or held in possession, and when it is not in existence or in possession as a ratable it cannot be subject to taxation. At the time of the assessment it did not exist as a debt due from Bellis to Earles, nor had it assumed any other tangible existence in the hands of Earles as a personal chattel or chose in action, or as a ratable in any shape.

The assessment of a mortgage to a mortgagee who had previously assigned it was set aside as a void assessment. *Crispin* v. *Van Syckle*, 20 *Vroom* 366.

An assessor can only assess property to the owner. *Reese* v. *Sherrer*, 20 *Vroom* 610.

Whenever the defect is a matter of form or the procedure of assessment is irregular, a technical defect cannot be set up to defeat the assessment (*Gen. Stat., p.* 3404, § 547), but where the complaint is based upon the ground that the property or the person is not taxable at all, *certiorari* is the effective remedy. *Conover* v. *Honce*, 17 *Vroom* 347.

Earles failed to apply to the commissioners of appeal for a correction of the assessment. When he ascertained through his agent that he had been assessed for the mortgage he applied to the township committee for relief, but it was refused. The fact that he failed to appeal to the commissioners, it is contended, debars him from relief by this writ.

This court has legal discretion to grant relief or refuse it by this writ, although the appeal may not have been made. *Hall* v. *Snedeker*, 13 *Vroom* 76 ; *State, Poulson, pros.,* v. *Matthews*, 11 *Id.* 268.

Where it is a mere question of the value of interest, or of the ratable assessed, the discretion will be exercised against the relief, unless an appeal was taken and properly presented, especially if the evidence upon the *certiorari* tends to show

control and ownership.   *Hall* v. *Snedeker,* 13 *Vroom* 76. Where a mere mistake in the name of the owner of a farm was made, the assessment was held not invalidated.   *State, Poulson, pros.,* v. *Matthews* 11 *Id.* 268.

In this case the ratable had no existence whatever, and therefore there was no need of an appeal to the commissioners, for there was nothing for them to act upon.   The assessment was entirely void.   *Crispin* v. *Van Syckle,* 20 *Vroom* 366. An attempt to enforce the collection of this tax would be of no avail, for the ratable, which is the primary object against which the enforcement of the tax would be sought, is found to have had no existence at the time of the assessment.

This assessment of tax must be set aside, with costs.